HOWARD SHERMAN COOPER AND SHARON LEE COOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 1230-77.
United States Tax Court
T.C. Memo 1979-241; 1979 Tax Ct. Memo LEXIS 284; 38 T.C.M. (CCH) 955; T.C.M. (RIA) 79241; June 25, 1979, Filed Howard Sherman Cooper and Sharon Lee Cooper, pro se. Thomas P. Dougherty, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $349.79 deficiency in petitioners' 1974 Federal income tax. The sole issue is whether petitioners are entitled to deduct the cost of certain education expenses incurred by Howard Sherman Cooper during 1974. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners were residents of Norwich, Connecticut, at the time they filed their petition. Howard Sherman Cooper (hereinafter "petitioner") graduated from the University of Connecticut in June 1968 with a Bachelor's degree in the field of Government. As an undergraduate at the University of Connecticut he took six semester hours of *285 courses in the field of accounting. Petitioner graduated from Auburn University in June 1972 with a Master's degree in Public Administration. In September 1972, because of his father's illness, petitioner went to work in his father's accounting firm (known as the Offices of Samuel A. Cooper, Public Accountant). After he came to work for his father, and at his father's insistence, petitioner in September 1972 became a candidate for a Master's degree in accounting at the Unversity of Hartford. The reason petitioner undertook this course of study was to qualify himself to sit for the Connecticut Certified Public Accountant ("C.P.A.") examination and to maintain and improve the skills required for his job. Petitioner graduated from the Master's program in January 1976. In November 1975 petitioner took the certification examination offered by the American Institute of Certified Public Accountants. He failed the examination. He subsequently took the examination two more times and failed it both times. In 1974 petitioner claimed a $1,875.69 education expense deduction (tuition and books of $1,065.69 and related travel of $810) for the cost incurred in taking five courses (two *286 in mathematics, one in finance, one in economics and one in accounting). Only one of the courses, the accounting course, was a prerequisite to his taking the C.P.A. examination. Under the rules of the Connecticut Board of Accountancy, an applicant for the C.P.A. examination is required to have at least 24 semester hours of courses in accounting. As of the start of 1974, petitioner had only 18 semester hours of accounting credits. During 1974 petitioner was working as an accountant. He also gave business and financial advice to the firm's clients. All the courses petitioner took during 1974 did in fact improve the skills he needed in his business. In 1974 petitioner was not competent to do detailed audits. He did render tax advice to the firm's clients. Petitioner's father supervised the office staff of eight or nine people. Petitioner's father was the only licensed Professional Accountant in the firm. He had C.P.A.s working for the firm from time to time. He also had enrolled agents and bookkeepers working for the firm. Petitioner's father died in 1976 and the accounting business became petitioner's on his father's death. Petitioner was president of the firm at the *287 time of trial, and was trying to sell the business. One reason petitioner sat for the C.P.A. examination was that a C.P.A. is able to perform a wider range of services for his clients than an unlicensed accountant. Specifically, a C.P.A. can certify financial statements. In his notice of deficiency, respondent determined that petitioner was not entitled to the deduction claimed by petitioner in 1974 for education expenses. OPINION Petitioner Howard Sherman Cooper ("petitioner"), an unlicensed accountant, took courses in mathematics, finance, economics and accounting in 1974. Petitioner claims that the cost incurred in taking all five courses is a deductible business expense under section 162. [1] Petitioner particularly relies on section 1.162-5(a), Income Tax Regs., which provides in part as follows: (a) General Rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) * * * are deductible as ordinary and necessary bueiness expenses (even though the education may *288 lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, * * *. Respondent argues that while the courses taken by petitioner may have maintained or improved skills required in his employment, the courses also constituted education "which will lead to qualifying him in a new trade or business," namely, being a certified public accountant, and therefore are nondeductible under section 1.162-5(b)(3), Income Tax Regs.
Petitioner was an unlicensed accountant working for his father's accounting firm in 1974. He became a candidate for a Master's degree in accounting at the University of Hartford in 1972 and graduated in 1976. He pursued this course of study because his father insisted upon it; additionally, these studies enabled him to sit for the C.P.A. examination. An applicant for the C.P.A. examination in Connecticut is required to have 46 semester hours of college-level study in accounting and related subjects, of which 24 semester hours must be in the filed of accounting. Section 20-280-1 of the Connecticut Board of Accountancy's Rules, established by the Connecticut State Board of Accountancy *289 under the authority of Conn. Gen. Stat. Rev. section 20-280 (1977). Petitioner had sufficient general college credits to sit for the C.P.A. examination, but he lacked the necessary number of accounting credits. The practice of accounting is strictly regulated in Connecticut. Under Conn. Gen. Stat. Rev. section 20-285 (1977), a person who has not received a certificate from the State Board of Accountancy is not entitled to hold himself out to the public as a C.P.A. Under Conn. Gen. Stat. Rev. section 20-287 (1977), an unlicensed individual is effectively prohibited from performing any accounting functions for the general public. Pursuant to that statute, all that an unlicensed individual may do is work in a properly registered accounting firm. However, he is specifically barred from certifying accounting or financial statements in a professional capacity. In view of the restrictive provisions of Conn. Gen. Stat. Rev. sections 20-285 and 20-287, we conclude that the business of being a C.P.A. is different from that of being an unlicensed accountant-employee. Cf. Glenn v. Commissioner,62 T.C. 270 (1974); Cooper v. Commissioner, TCM 1978-117; Archie v. *290 Commissioner, TCM 1978-425. Therefore, to the extent the courses petitioner took qualified him to sit for the C.P.A. examination, such courses led to qualifying him for a new business and are not deductible. Section 1.162-5(b)(3), Income Tax Regs.
However, petitioner needed only additional courses in accounting to meet the prerequisites to sit for the C.P.A. examination. He had sufficient other college courses before 1974. During 1974 he took two courses in mathematics, one in finance, one in economics and one in accounting. Only the accounting course falls within the restriction of section 1.162-5(b)(3), Income Tax Regs., and is therefore not deductible. The other courses maintained and improved his skills used in his business of giving business and financial advice to the firm's clients as well as providing accounting services. Therefore, these four courses are deductible. Sections 1.162-5(a) and 1.162-5(c), Income Tax Regs. Neither party provided us with a breakdown of the lump sum deducted on the return for educational expenses, except as between tuition and books on the one hand and related travel expense on the other. Under the circumstances, we hold that petitioner *291 may deduct four-fifths of both categories of expense, and may not deduct the one-fifth we attribute to the accounting course. Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.↩